The evidence authorized the verdict; and none of the special assignments of error shows cause for a new trial.
 DECIDED JUNE 27, 1946. REHEARING DENIED JULY 23, 1946.
Governor Hemphill, on May 10, 1945, filed a suit against Southern Bell Telephone Telegraph Company Inc., to recover damages for an alleged trespass upon his land. The petition stated: That, on December 10, 1944, the defendant, without the plaintiff's consent or knowledge, wrongfully entered upon a strip of the plaintiff's land, fronting on Mozley Drive in the City of Atlanta, running from the northwestern corner of Mozley Drive. S.W. (formerly West Hunter Street), and Chappell Road, S.W., southwesterly along the northwestern side of Mozley Drive, a distance of about 1040 feet, to the property of the City of Atlanta known as Mozley Park, the same being about 9 feet wide; and did then and there excavate for and lay under the surface of said strip of land its conduits and cables for the transmission of the telephone and telegraph messages handled for its patrons from the City of Atlanta to Birmingham, Alabama, and to other places within and without the State of Georgia. The plaintiff alleged: That the actions of the defendant, "in entering upon and appropriating to its own use the said strip of land and laying its conduits *Page 128 
and cables thereunder, constituted a confiscation of said property and of the possession, use, and enjoyment thereof and a taking of the same for public use without due process of law;" that the value of the strip of land so appropriated by defendant is $2500; that said trespass upon the plaintiff's land was wantonly committed, in bad faith; and the plaintiff prayed: That, in addition to nominal and compensatory damages, he be awarded punitive or exemplary damages — all in the sum of $2500; that "upon the rendition of a proper judgment compensating plaintiff therefor, and the payment of said judgment, plaintiff will execute any reasonable instrument, as directed by this court, for the purpose of releasing to defendant all right, title, and claim in and to the use of said land by defendant for the maintenance of its conduits, cables, and lines, and the use thereof for the purposes as aforesaid."
The defendant in its answer denied that it was liable in any amount to plaintiff, and alleged: That the "plaintiff has heretofore dedicated to the City of Atlanta for sidewalk purposes a 10-foot strip on all the frontage of the property owned by him on Mozley Drive, which said strip of land, prior to the construction of the conduit and cable within the area of the said sidewalk, had been by the public used as a sidewalk and, therefore, the only right which the plaintiff had in the said strip at the time of the construction of the conduit and cable was the right of the use thereof as a sidewalk, and only such right as the general public had therein." The answer also alleged, on information and belief, that the plaintiff resided on the said property and had full knowledge of the construction of the conduit and cable, during its progress, made no effort to prevent the work, and is now estopped from claiming ownership of the strip of land, which theretofore had been dedicated to the City of Atlanta for sidewalk purposes. The defendant also alleged: That in 1936 the Works Progress Administration (a United States governmental agency), in collaboration with the City of Atlanta, and under authority of general ordinances of the city relating to sidewalk repairs, graded a 10-foot sidewalk area on both sides of Mozley Drive between Chappell Road and Mathewson Place, which included the area comprising a 10-foot side-walk on the north side of Mozley Drive and adjacent to the plaintiff's land; that said grading was done with the knowledge and consent of the then owner of the property, the predecessor of the *Page 129 
plaintiff in title; that said sidewalk area had been so graded prior to the plaintiff's purchase of the property, and the existence of a 10-foot sidewalk area was apparent to the plaintiff when he bought the property and, therefore, he bought it with the existing servitude thereon of a sidewalk area dedicated to the public; that under the laws of the United States no W. P. A. forces were permitted to do any work on private property, and the above-referred-to grading could not legally have been done unless the sidewalk area had been previously dedicated to the public use; that the plaintiff, prior to filing this suit, had filed with the Planning Commission of the city an application to have his entire tract of land zoned as a subdivision, and had filed a scale map of the proposed subdivision which showed that Mozley Drive was a paved highway, 40 feet wide from curb to curb, and having on either side thereof a 10-foot side-walk. (A copy of the map was attached to the answer.) Therefore, the defendant averred that the plaintiff is now estopped from denying that the sidewalk area in question is 10 feet in width. The defendant further alleged: That on November 15, 1944, and prior to its construction of the conduit and cable, it made application to the city to be allowed to open the sidewalk in question for the purpose of placing thereunder the conduit and cable; that on the same day the City of Atlanta through its Chief of Construction issued its permit to the defendant to do the work; and that the sidewalk area having previously been dedicated to the city, the permit granted to the defendant by the city legally authorized the construction of the conduit and the cable within said sidewalk area.
Upon the trial, the jury returned a verdict for the defendant, the plaintiff's motion for a new trial was denied, and that judgment is assigned as error in the bill of exceptions.
The evidence, although in sharp conflict, authorized the verdict; and, the finding of the jury having been approved by the trial judge, the general grounds of the motion for a new trial are without merit.
Special ground 1 complains of the admission in evidence of a certified copy of the report of Clarke Donaldson, Chief of Construction, to the City Council of Atlanta, the report showing the street *Page 130 
work done in the city during 1938 by the W. P. A. forces, which included the alleged bank sloping and sidewalk grading of the plaintiff's property involved in this case. The same ground also complains of the admission in evidence of the testimony of Donaldson in reference to the items of his report. The documentary evidence and his testimony were relevant to the facts of the case and were admissible for what they were worth.
The remaining special grounds complain of various excerpts from the charge of the court. While some of these excerpts are subject to criticism, none of them, when considered in the light of the entire charge and the facts of the case, shows cause for a reversal of the judgment.
Judgment affirmed. MacIntyre and Gardner, JJ., concur.